**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO,**<br><br>**DEANNA CHELETTE**, and<br><br>**ALEXZANDRIA BOYD**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**<br><br>and<br><br>**ANDREA R. LUCAS**, in her official capacity as Chair of the U.S. Equal Employment Opportunity Commission<br><br>*Defendants*. | Civil Action No. 1:26-cv-02640 |

**PLAINTIFFS' UNOPPOSED MOTION FOR TWO-WEEK EXTENSION OF DEADLINE TO FILE REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs respectfully request a two-week extension of their August 18, 2026 deadline to file their Reply in Support of their Motion for Preliminary Injunction. The requested extension will permit the parties to confer regarding significant factual disputes raised by Defendants' Opposition and to explore whether those discussions may narrow or resolve the issues presented by Plaintiffs' preliminary injunction motion. After reviewing Defendants' Opposition filed on August 13, 2026, Plaintiffs promptly contacted Defendants on August 14, 2026, to seek their position on this motion,

and Defendants indicated that they do not oppose the requested extension. *See* LCvR 7(m).[1]

"Under Rule 6 of the Federal Rules of Civil Procedure, the court has discretion to extend filing deadlines. If a party makes a request for additional time 'before the original time or its extension expires,' then the court may extend the deadline 'for good cause.'" *Koch v. White*, 251 F. Supp. 3d 162, 179–80 (D.D.C. 2017), *aff'd sub nom. Koch v. Clayton*, No. 17-5180, 2018 WL 4871160 (D.C. Cir. Sept. 19, 2018) (quoting Fed. R. Civ. P. 6(b)(1)(A)). "Courts have discretion to determine whether a movant has shown good cause. '[R]equests for extensions of short durations are routine' in this district." *Jordan v. U.S. Dep't of Just.*, 315 F. Supp. 3d 584, 594 (D.D.C. 2018) (citations omitted).

In this case, the "good cause" standard is met. Plaintiffs are seeking an extension before the filing deadline has passed and, indeed, the day after Defendants submitted their Opposition to the Motion for Preliminary Injunction. Defendants' Opposition raises significant factual issues that warrant further discussion between the parties, including the status of additional federal-sector class cases pending before the EEOC that appear to remain suspended, as well as Plaintiffs' concerns regarding the accuracy and completeness of certain factual representations in Defendants' Opposition. A brief extension will allow the parties to confer regarding those issues and to determine whether their discussions may narrow the factual disputes before the Court or facilitate a potential resolution of the preliminary injunction motion.

Defendants consent to this request and postponing the Court's consideration of the

[1] Because of the expedited briefing schedule, Plaintiffs were unable to file this Motion at least four business days before the affected deadline, as required by Judge Kollar-Kotelly's Standing Order, ECF No. 9, and therefore respectfully request leave from that requirement. Plaintiffs did not identify the need for an extension until after reviewing Defendants' Opposition, filed on August 13, 2026. Plaintiffs then acted promptly, seeking Defendants' position on the requested extension immediately after reviewing the Opposition and filing this Motion within minutes of receiving Defendants' consent.

Plaintiffs' Motion for Preliminary Injunction will not prejudice Defendants in any way. Nor have Plaintiffs previously sought an extension of their reply deadline. The requested extension will also not affect any other deadlines in this matter. Under these circumstances, a two-week extension will promote the efficient resolution of the preliminary injunction motion by allowing the parties to clarify the factual record and explore whether future litigation of some or all of the issues presented by the motion may be avoided.

For these reasons, Plaintiffs respectfully request that the Court grant its Motion for a Two-Week Extension of their Reply in Support of their Motion for Preliminary Injunction from August 18, 2026 to September 1, 2026.

August 14, 2026

Respectfully submitted,

*<u>/s/ Joseph M. Sellers</u>*

Joseph M. Sellers (D.C. Bar No. 318410)
Phoebe M. Wolfe (D.C. Bar No. 90014711)
Cohen Milstein Sellers & Toll LLP
1100 New York Avenue, N.W., Suite 800
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
jsellers@cohenmilstein.com
pwolfe@cohenmilstein.com

Heidi R. Burakiewicz (D.C. Bar No. 473973)
Burakiewicz & DePriest
1120 Connecticut Avenue, N.W., Suite 500
Washington, D.C. 20036
Tel: (202) 856-7500
Fax: (202) 217-2599
hburakiewicz@bdlawdc.com

Harold Craig Becker (D.C. Bar No. 371239)
Taryn Wilgus Null (D.C. Bar No. 985724)
Tianna J. Mays (D.C. Bar No. 90005882)
Democracy Defenders Fund
600 Pennsylvania Avenue, S.E., No. 15180
Washington, D.C. 20003

Tel: (202) 594-9958
craig@democracydefenders.org
taryn@democracydefenders.org
tianna@democracydefenders.org

*Counsel for Plaintiffs*

Rushab B. Sanghvi (D.C. Bar No. 1012814)
Andres M. Grajales (D.C. Bar No. 476894)
American Federation of Government
Employees, AFL-CIO
80 F Street, N.W.
Washington, D.C. 20001
Tel: (202) 639-6426
SanghR@afge.org
Grajaa@afge.org

*Counsel for Plaintiff American Federation of Government Employees (AFGE)*