**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br>Plaintiffs,<br>v.<br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*,<br>Defendants. | Civil Action No. 26-2640 (CKK) |

**MEMORANDUM OPINION**
(September 2, 2026)

In this action, a union representing federal employees and two individual employees of the Bureau of Prisons allege that the U.S. Equal Employment Opportunity Commission ("EEOC") unlawfully adopted a categorical policy of pausing all adjudication of class complaints presented to the EEOC by federal-sector employees. The Plaintiffs have moved for a preliminary injunction and a stay under the Administrative Procedure Act to halt the application of this alleged policy. The Defendants oppose this motion, contending that the EEOC has no such policy and reporting that newly assigned administrative judges have now entered appropriate scheduling orders in each of the relevant pending class cases. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the entire present record, the Court concludes that the Defendants' remedial actions have averted any imminent irreparable harm to the Plaintiffs. Therefore, on the present record, the Plaintiffs are not entitled to the extraordinary remedy of a preliminary injunction, and

[1] The Court's consideration has focused on the following documents, including the attachments and exhibits thereto: the Plaintiffs' Memorandum in Support of their Motion for a Preliminary Injunction and Stay ("Pls.' Mem."), Dkt. No. 13-1; the Defendants' Memorandum in Opposition to the Plaintiffs' Motion ("Defs.' Opp'n), Dkt. No. 18; and the Plaintiffs' Reply in Support of their Motion ("Pls.' Reply"), Dkt. No. 20. In an exercise of its discretion, the Court concludes that oral argument is not necessary to the resolution of the issues pending before the Court. *See* LCvR 7(f).

the Court shall **DENY** their motion **WITHOUT PREJUDICE**. However, the Court is of the opinion that this matter is appropriate for prompt resolution on the merits and that the Plaintiffs are entitled to limited discovery to determine the precise contours of the agency actions that precipitated this suit. Accordingly, the Court shall set expedited deadlines for further proceedings, including limited discovery.

## I. BACKGROUND

This case is about an alleged pause in the EEOC's processing of federal-sector class complaints. Under the EEOC's class-complaint process, federal employees who allege that they have experienced unlawful discrimination in the federal workplace may file a class administrative complaint before the EEOC, which "shall be processed promptly." 29 C.F.R. § 1614.204; *see also* 42 U.S.C. § 2000e-16(a)–(b) (prohibiting "discrimination based on race, color, religion, sex, or national origin" in the federal workplace and providing that the EEOC may enforce this prohibition, including through administrative adjudications). The process for deciding such complaints includes steps for gathering evidence, facilitating a negotiated resolution, and, if necessary, holding a hearing before an administrative judge, who issues a decision on the complaint. *See* 29 C.F.R. § 1614.204(f)–(i). At the conclusion of this process, if the administrative judge finds that discrimination has occurred, the agency "must eliminate or modify the employment policy or practice out of which the complaint arose" and provide individual relief to the class agent. *Id.* § 1614.204(*l*)(1).

One class complaint currently pending before the EEOC is *Pippen v. Bondi*, EEOC No. 460-2025-00162X. In March 2025, the EEOC granted class certification in this matter to a class of women alleging that they suffered discriminatory sexual harassment while working for the Federal Bureau of Prisons in the Federal Correctional Complex in Pollock, Louisiana ("FCC Pollock"). *See* Pls.' Ex. F (Decision Granting Class Certification), Dkt. No. 13-7. The class

alleges that the Bureau has failed to address a pattern of serious instances of sexual harassment of female correctional workers by inmates at FCC Pollock, including exceptionally vulgar and sexually demeaning comments, exhibitionist nudity, masturbation, groping, and rape threats. *See id.* at 2. The class seeks an order from the EEOC directing the Bureau to take proper corrective action to address this alleged pattern of discriminatory sexual harassment. *Id.* at 3.

The Plaintiffs in this civil action are Deanna Chelette, a class agent in the *Pippen* matter; Alexzandria Boyd, a member of the certified class in *Pippen*; and AFGE, a union that represents more than 800,000 federal employees, including employees who are members of the *Pippen* class.[2]

In this case, the Plaintiffs allege that the EEOC unlawfully and indefinitely suspended the processing of federal-sector class complaints, including the complaint in the *Pippen* matter. *See* Compl., Dkt. No. 1; Pls.' Mem., Dkt. No. 13-1. The Plaintiffs rest their allegations primarily on a "Notification of Case Processing Abeyance" issued in December 2025 by an administrative judge presiding in the *Pippen* matter. *See* Pls.' Mem. at 10; Pls.' Ex. I (Notification of Case Processing Abeyance), Dkt. No. 13-10. In this "Notification," the presiding judge wrote that, "[e]ffective immediately, all case processing" in the *Pippen* matter "must be paused until further notice." Pls.' Ex. I. The document also stated that "[a]ll scheduled deadlines and appearances" in the case were "cancelled." *Id.* Finally, the notice stated, "[t]his notification applies to all class cases in the federal sector, including those alleging disparate impact." *Id.*

The Plaintiffs filed a motion for a preliminary injunction and stay under the Administrative Procedure Act, seeking an order directing the EEOC to resume processing federal-sector class complaints like the one at issue in *Pippen*. Pls.' Mot., Dkt. No. 13. Upon receipt of this motion, the Court established a briefing schedule and ordered the Defendants to "file a copy of any

[2] *See* Decl. of Deanna Chelette ("Chellette Decl."), Dkt. No. 13-3, ¶¶ 1, 3; Decl. of Alexzandria Boyd ("Boyd Decl."), Dkt. No. 13-4, ¶¶ 1, 7; Decl. of Kendrick Roberson ("Roberson Decl."), Dkt. No. 13-2, ¶ 15.

administrative record underlying the decisions at issue." Min. Order (Aug. 4, 2026) (citing *Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001)).

In their response to the Plaintiffs' motion, the Defendants contend that the EEOC does not, in fact, have a policy of pausing or suspending the processing of federal-sector class complaints. *See* Defs.' Opp'n at 3. Instead, the Defendants report that "EEOC *agrees* that the processing of class complaints should not have been suspended" and state that such a suspension "'will not recur.'" *Id.* at 8 (emphasis in original) (quoting *Chavis v. Garrett*, 419 F. Supp. 3d 24, 34 (D.D.C. 2019) (CKK)). The Defendants further report that the EEOC has now reassigned each of the relevant matters, including the *Pippen* matter, to other administrative judges who have each entered appropriate scheduling orders. *Id.* at 3. In support of their response, the Defendants have filed a declaration by the EEOC's chief operating officer, who states that the "Notification of Case Processing Abeyance" issued by the previous presiding judge in the *Pippen* matter "was an isolated incident of an administrative judge's order issued in error" and that this error has now been "corrected" through the assignment of a new administrative judge and the entry of a new scheduling order.[3] Consistent with their position that the suspension in the *Pippen* matter and other cases did not reflect an agency policy, the Defendants declined to file an administrative record by the relevant deadline. Defs.' Opp'n at 3 n.1, 9 n.2.

In reply, the Plaintiffs argue that evidence in their possession belies the Defendants' suggestion that the suspension of proceedings in *Pippen* was an "isolated incident." Pls.' Reply at 1, 7 (quoting Rose Decl. ¶ 5). Specifically, the Plaintiffs cite communications from administrative judges to counsel representing other federal employees before the EEOC, which the Plaintiffs argue show that there was, in fact, a general pause in the processing of federal-sector class

[3] *See* Decl. of Sharon A. Rose ("Rose Decl."), Dkt. No. 18-5, ¶¶ 4–5.

complaints until this case was filed.[4] The Plaintiffs also offer circumstantial evidence of such a general pause, citing multiple federal-sector class cases that have been awaiting processing before the EEOC for an extended period.[5] The Plaintiffs further contend that the Defendants' actions in reassigning the *Pippen* matter and other cases to different EEOC administrative judges have not been taken in a good-faith effort to resolve the delay in the processing of their cases, but rather in acts of retaliation against certain administrative judges' candid communications regarding the nature of the delays in the cases pending before them. Pls.' Reply at 9 n.2. Finally, the Plaintiffs note that on August 28, 2026—just three business days ago—the EEOC announced a proposed rule that would divest the EEOC of jurisdiction to adjudicate any future class complaints. Pls.' Reply at 11 n.3 (citing 91 Fed. Reg. 55690, 55698 (Aug. 28, 2026)). The Plaintiffs maintain their request for preliminary relief and argue that the Defendants' voluntary remedial actions have not mooted their claims. *Id.* at 22. They also request an order directing the EEOC to disclose more information about the alleged delay in the processing of federal-sector class cases. *Id.* at 7–8, 22.

The Plaintiffs' motion for a preliminary injunction or stay is ripe for decision.

## II. LEGAL STANDARD

The Administrative Procedure Act ("APA") provides for judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. If a party shows that a final agency action is arbitrary and capricious or contrary to law, the reviewing court must "set aside" the action. *Id.* § 706.

Section 705 of the APA provides that a reviewing court may, on such conditions as may be required and to the extent necessary to prevent irreparable injury, issue "all necessary and

---

[4] *See* Decl. of Wendy Musell ("Musell Decl."), Dkt. No. 20-1, ¶¶ 9–11; Decl. of Richard Renner, Dkt. No. 20-2, ¶ 6; Decl. of Heidi Burakiewicz, Dkt. No. 20-5, ¶¶ 2–3 & Att. 2.

[5] *See* Musell Decl. ¶ 12; Decl. of Jacob Statman, Dkt. No. 20-3, ¶¶ 8–10; Decl. of Andrew Weeks, Dkt. No. 20-4, ¶ 9.

appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705.

Courts in this Circuit assess motions for interim relief under Section 705 using the same four-part standard that governs requests for preliminary injunctions. *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, 775 F. Supp. 3d 100, 121 (D.D.C. 2025) (LLA); *Nw. Immigrant Rts. Project v. USCIS*, 496 F. Supp. 3d 31, 45 (D.D.C. 2020) (RDM); *Sierra Club v. Jackson*, 833 F. Supp. 2d 11, 30 (D.D.C. 2012) (PLF); *see Cuomo v. U.S. Nuclear Regul. Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985). To obtain a preliminary injunction, plaintiffs must establish (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance of equities tips in [their] favor," and (4) that "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[W]hen the Government is the opposing party," as it is in this case, the balance-of-equities and public-interest factors "merge," and courts address those factors together. *Nken v. Holder*, 556 U.S. 418, 435 (2009); *Singh v. Berger*, 56 F.4th 88, 107 (D.C. Cir. 2022).

Although the Plaintiffs in this case have invoked the "flexible" sliding-scale approach to the preliminary injunction standard that the D.C. Circuit often applied before the Supreme Court's decision in *Winter*, the D.C. Circuit has not decided whether that approach is compatible with *Winter*. *Compare* Pls.' Mem. at 12 (citing *CSX Transp., Inc. v. Williams*, 406 F.3d 667, 670 (D.C. Cir. 2005); *CityFed Fin. Corp. v. Off. of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995)), *with Clevinger v. Advoc. Holdings, Inc.*, 134 F.4th 1230, 1235–36 & n.2 (D.C. Cir. 2025) (observing that it is "questionable" whether the sliding-scale approach "remains good law" after *Winter* and collecting cases that have avoided deciding the question). At a minimum, to obtain a preliminary injunction in this Circuit after *Winter*, a plaintiff must establish a substantial likelihood

of (1) standing, (2) success on the merits of their substantive claims, and (3) irreparable harm. *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015) (standing); *Ark. Dairy Co-op Ass'n v. USDA*, 573 F.3d 815, 832 (D.C. Cir. 2009) (substantive merits); *Alpine Sec. Corp. v. Fin. Indus. Regul. Auth.*, 121 F.4th 1314, 1336–37 (D.C. Cir. 2024) (irreparable harm).

## III. ANALYSIS

In this case, the Court's analysis of the Plaintiffs' motion for a preliminary injunction begins and ends with their allegations of irreparable harm. A preliminary injunction is "an extraordinary remedy," and it is to be granted only "when the party seeking the relief, by a clear showing, carries the burden of persuasion." *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004). In this Circuit, that burden includes overcoming the "high standard" of showing an impending injury that is "'both certain and great'" and that is "'actual and not theoretical.'" *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (quoting *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam)). To warrant preliminary injunctive relief, the threatened harm must be "of such *imminence* that there is a 'clear and present' need for equitable relief to prevent irreparable harm." *Id.* (emphasis in original).

The EEOC has now resumed its processing of the federal-sector class complaints at issue in this case, and the Defendants have represented to the Court both that "EEOC *agrees* that the processing of class complaints should not have been suspended" and that such a suspension "'will not recur.'" *See* Defs.' Opp'n at 8 (emphasis in original) (quoting *Chavis*, 419 F. Supp. 3d at 34).

On this record, the Plaintiffs have not clearly shown that they face a "certain and great" risk of irreparable harm in the absence of a preliminary injunction. *Chaplaincy*, 454 F.3d at 297. The Plaintiffs' initial allegations of irreparable harm rested on the premise that delaying the adjudication of class cases would subject the individual Plaintiffs and many of AFGE's members to prolonged periods of discrimination, reduce the likelihood of effective relief, impede class

notice, and chill federal workers' use of the class-complaint process. *See* Pls.' Mem. at 23–28. Based on the Defendants' representations and the scheduling orders recently entered in each of the cases at issue, it now appears that each of these cases will proceed, averting or mitigating each of the Plaintiffs' asserted harms from the alleged pause. *See* Defs.' Opp'n at 2–3. Given these developments, on the present record, the Plaintiffs have not shown that they face a "certain and great" threat of injury from further delay that warrants the extraordinary remedy of a preliminary injunction. *See Chaplaincy*, 454 F.3d at 297. Although the Plaintiffs argue persuasively that the several-month pause in adjudication of federal-sector class complaints has already caused them significant harms that "will necessarily worsen if class processing is suspended again," the Court cannot find, on the present record, that such a suspension is likely to recur in the absence of an injunction. *See* Pls.' Reply at 18. Because preliminary injunctive relief can only be awarded based on imminent *future* irreparable harm, the past harms that the Plaintiffs have shown do not provide sufficient grounds to grant the relief that they have requested. *See Wisc. Gas Co.*, 758 F.2d at 674.

Because the Plaintiffs have not made a clear showing of imminent irreparable harm in the absence of an injunction, the Court must deny their motion for a preliminary injunction or stay. *Alpine Sec. Corp.*, 121 F.4th at 1336–37 (citing *Chaplaincy*, 454 F.3d at 297). In so doing, the Court "express[es] no view on the remaining preliminary-injunction factors," including whether the Plaintiffs have shown a likelihood of success on the merits of their claims. *Id.* at 1337. Because the Plaintiffs have not made a sufficient showing of irreparable harm, the Court need not, and therefore does not, yet decide whether the Plaintiffs' claims fall within the "voluntary cessation" exception to the jurisdictional rule against deciding moot cases. *Cf.* Pls.' Reply at 9–11 (explaining why this exception may apply under the circumstances presented in this case).

For the avoidance of doubt, the Court notes that its resolution of the Plaintiffs' motion for a preliminary injunction expressly depends upon the Defendants' representation that the processing of federal-sector class complaints before the EEOC "should not" have been suspended and that such a suspension "'will not recur.'" *See* Defs.' Opp'n at 8 (quoting *Chavis*, 419 F. Supp. 3d at 34). Specifically, the Court is denying the Plaintiffs' motion because it understands the EEOC to have disclaimed the authority to suspend the processing of federal-sector class complaints in the manner the Plaintiffs have alleged. *See id.* If the Defendants later take a "clearly inconsistent" position on the EEOC's authority to suspend class proceedings in this manner, the Court will entertain an argument that the Defendants have "derive[d] an unfair advantage" by changing their position on a central issue after successfully opposing the Plaintiffs' motion for a preliminary injunction. *See New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001).

* * *

Having resolved the Plaintiffs' motion for a preliminary injunction, and upon careful consideration of the record, the Court is of the opinion that this case is appropriate for prompt resolution on the merits.

In aid of such a resolution, the Court will allow the Plaintiffs to take limited discovery "to ascertain the contours of the precise policy," if any, that caused the months-long delay in the processing of the *Pippen* matter and other federal-sector class complaints. *See Hisp. Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018) (quoting *Venetian Casino Resort, L.L.C. v. EEOC*, 409 F.3d 359, 367 (D.C. Cir. 2005)). Although the Defendants have denied that the EEOC ever issued a directive to suspend the processing of these cases and have called the challenged action "a fiction," the Plaintiffs have presented a substantial body of evidence that tends to support an inference that the lengthy delays in *Pippen* and other cases did result from a coordinated policy.

*Compare* Defs.' Opp'n at 9, *with* Pls.' Reply at 1–7 (summarizing this evidence). Because "only the Defendants know the 'contours' of [the challenged] actions" underlying the Plaintiffs' APA claims, limited discovery is appropriate. *See All. for Retired Americans v. Bessent*, No. 25-cv-0313, 2025 WL 1114350, at *3 (D.D.C. Mar. 20, 2025) (CKK) (quoting *Venetian Casino*, 409 F.3d at 367); *see also AFL-CIO v. Dep't of Lab.*, 349 F.R.D. 243, 248 (D.D.C. 2025) (JDB) (allowing limited discovery in an APA case to determine "whether the alleged policy in fact exists" (quoting *Venetian Casino*, 409 F.3d at 360)). The Court will therefore establish an appropriate discovery schedule in the accompanying Order.

## IV. CONCLUSION

For the foregoing reasons, the Court shall **DENY WITHOUT PREJUDICE** the Plaintiffs' [13] Motion for a Preliminary Injunction and establish a schedule for further proceedings, beginning with limited discovery. An appropriate Order accompanies this Memorandum Opinion.

**Dated:** September 2, 2026

Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge