**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br>Plaintiffs,<br>v.<br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*,<br>Defendants. | Civil Action No. 26-2640 (CKK) |

**MEMORANDUM OPINION & ORDER**
(September 16, 2026)

In this action, a union representing federal employees and two individual employees of the Bureau of Prisons allege that the U.S. Equal Employment Opportunity Commission ("EEOC") unlawfully adopted a categorical policy of pausing all adjudication of class complaints presented to the EEOC by federal-sector employees.

After the Plaintiffs filed a motion for a preliminary injunction and a stay under the Administrative Procedure Act to halt the application of this alleged policy, the Defendants represented to the Court that the EEOC has no such policy and reported that newly assigned administrative judges have now entered appropriate scheduling orders in each of the relevant pending class cases. The Defendants further represented that the "EEOC *agrees* that the processing of class complaints should not have been suspended." Defs.' Opp'n, Dkt. No. 18, at 8 (emphasis in original). In reply, the Plaintiffs argued that they have evidence suggesting that there was, in fact, a coordinated policy of suspending the processing of these cases. *See* Pls.' Reply, Dkt. No. 20, at 1–7. The Plaintiffs also requested an order directing the EEOC to disclose more information about the alleged delay in the processing of federal-sector class cases. *Id.* at 7–8, 22.

Based on the parties' submission, this Court denied without prejudice the Plaintiffs' motion for a preliminary injunction on the grounds that the Plaintiffs had not made a sufficient showing of an imminent risk of irreparable harm. *See* Order, Dkt. No. 21.

However, to facilitate a "prompt resolution on the merits"—that is, a dispositive resolution, rather than a ruling on a request for emergency relief based on a preliminary record—the Court granted the Plaintiffs' request for an order allowing an inquiry into the circumstances of the alleged delay in the EEOC's processing of federal-sector class complaints.[1] *See* Mem. Op., Dkt. No. 22, at 9–10; Order, Dkt. No. 21. Those circumstances may be relevant to, among other things, whether this case falls within the "voluntary cessation" exception to the rule against deciding moot cases.

Balancing Plaintiffs' interest in developing the record necessary to resolve this case against the Defendants' interest in avoiding unwarranted or unduly burdensome discovery obligations, the Court set a schedule for "appropriately tailored" written discovery, "limited to a reasonable number of targeted interrogatories and requests for production of documents." Order, Dkt. No. 21, at 1. The Court also set deadlines for the Defendants to file objections and for the parties to file discovery motions. *Id.* In short, the Court preserved the Government's opportunity to raise "threshold arguments" before turning over agency records and communications. *In re United States*, 583 U.S. 29, 32 (2017).

Finally, the Court ordered the parties to file a joint status report proposing a schedule for further proceedings on or before October 2, 2026, after the brief period of targeted discovery had concluded. *Id.* Because this deadline fell after the default deadline for the Defendants to file an

[1] Contrary to the Defendants' suggestion, the Court did not grant this limited relief "*sua sponte*." *Compare* Def.'s Mot., Dkt. No. 23 at 1, *with* Pls.' Reply, Dkt. No. 7 ("Should Defendants persist in denying the existence of any records related to stays of federal-employee class cases, notwithstanding the evidence supplied in this record, Plaintiffs should be afforded the opportunity to conduct limited discovery."); *see also* Pls.' Reply at 22 (requesting an order directing EEOC to disclose information about the alleged pause in the processing of federal-sector class cases).

Answer or other response to the Plaintiffs' Complaint, the Court ordered that "the Defendants' obligation to file" such a response would be "STAYED until further of this Court."[2]

The Defendants have now filed a [23] Motion for Leave to File a Rule 12(b)(1) Motion to Dismiss and to Stay Discovery. In this motion, the Defendants seek an order allowing them to file a motion to dismiss this case on jurisdictional grounds and a stay of discovery until that motion is resolved and until the EEOC has completed an internal inquiry into the circumstances underlying this case.

The Defendants may file a Motion to Dismiss under Rule 12 at any time on or before September 28, 2026, and they need no further leave of the Court to do so.[3] In the meantime, the Court would benefit from further briefing on whether limited discovery, on jurisdictional issues or otherwise, should proceed or be stayed pending resolution of the Government's motion and its internal investigation.

Accordingly, it is hereby:

**ORDERED** that the Defendants' [23] Motion for Leave to File a Rule 12(b)(1) Motion to Dismiss is **DENIED** as unnecessary; and it is further

**ORDERED** that the Defendants shall file any Motion to Dismiss under Rule 12(b)(1) on or before **September 28, 2026**; and it is further

---

[2] Contrary to the Defendants' suggestion, the Court has not stayed the Defendants' "opportunity" to file a Rule 12 motion—only their "obligation" to do so. *Compare* Defs.' Mot., Dkt. No. 23, at 1, *with* Order, Dkt. No. 22, at 2. Nor is leave otherwise required for Defendants to file a Rule 12(b)(1) motion. *See* Fed. R. Civ. P. 12(h)(3) (noting that such a motion may be made "at any time"). Accordingly, leave of court is not necessary for Defendants to file a Rule 12(b)(1) motion, and the Defendants are free to file a Rule 12 motion at any time if they so choose.

[3] The Defendants' deadline to respond to the Complaint is nominally September 27, 2026, but that day is a Sunday. *See* Fed. R. Civ. P. 6(a)(1)(C), 12(a)(2).

**ORDERED** that the Plaintiffs shall file any response to the Defendants' Motion to Stay Discovery no later than **5:00 p.m. ET on September 21, 2026**, and Defendants shall file any Reply to Plaintiffs' Response no later than **5:00 p.m. ET on September 23, 2026**; and it is further

**ORDERED** that the discovery deadlines and obligations set forth in this Court's [21] Order dated September 2, 2026, are **HELD IN ABEYANCE** until further order of this Court.

If a Motion to Dismiss is filed, the Court shall set a briefing schedule by further order.

**SO ORDERED.**

**Dated:** September 16, 2026

Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge