**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*,<br><br>Defendants. | Civil Action No. 26-2640 (CKK) |

**MEMORANDUM OPINION**
(October 3, 2026)

Currently before the Court is Defendants' [23] Motion to Stay Discovery. Defendants ask the Court to stay all discovery deadlines unless the Court (1) denies Defendants' [27] Motion to Dismiss and (2) until Defendants complete their internal investigation. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the entire present record, the Court DENIES the Defendants' [23] Motion.

## I. BACKGROUND

In this action, a union representing federal employees and two employees of the Bureau of Prisons allege that the U.S. Equal Employment Opportunity Commission ("EEOC") unlawfully adopted a categorical policy of pausing adjudication of class complaints presented to the EEOC by federal-sector employees. After the Plaintiffs filed a motion for a preliminary injunction and a

[1] The Court's consideration has focused on the following documents, including the attachments and exhibits thereto: Defendants' Motion to Stay Discovery ("Def.'s Mot."), Dkt. 23; Plaintiffs' Opposition to Motion to Stay Discovery ("Pls.' Opp'n."), Dkt. No. 25; Defendants' Reply in Support of their Motion ("Def.'s Reply"), Dkt. No. 26; and Plaintiffs' Supplemental Brief in Opposition to Defendants' Motion to Stay Discovery ("Pls. Supp. Br"), Dkt. 28. In an exercise of its discretion, the Court concludes that oral argument is not necessary to the resolution of the issues pending before the Court. See LCvR 7(f).

stay to halt the application of this alleged policy, the Defendants represented to the Court that administrative judges have now entered appropriate scheduling orders in each of the relevant pending class cases. The Defendants further represented that the "EEOC *agrees* that the processing of class complaints should not have been suspended." Dkt. No. 18, at 8 (emphasis in original).

Based on the parties' submissions, the Court denied without prejudice the Plaintiffs' motion for a preliminary injunction on the grounds that the Plaintiffs had not made a sufficient showing of an imminent risk of irreparable harm. *See* Order, Dkt. No. 21. However, the Court found that "[a]lthough the Defendants have denied that the EEOC ever issued a directive to suspend the processing of these cases . . . the Plaintiffs have presented a substantial body of evidence that tends to support an inference that the lengthy delays in *Pippen* and other cases did result from a coordinated policy." Mem. Op. at 9, Dkt. No. 22. The Court further explained that "[b]ecause 'only the Defendants know the contours of the challenged actions' underlying the Plaintiffs' APA claims, limited discovery is appropriate." *Id.* at 10 (quoting *All. for Retired Americans v. Bessent*, No. 25-cv-0313, 2025 WL 1114350, at *3 (D.D.C. Mar. 20, 2025) (CKK) (internal brackets and quotation marks omitted)). Accordingly, the Court ordered Plaintiffs to serve discovery requests by September 8, 2026, and ordered Defendants to serve responses and any objections by September 18, 2026. Order at 1, Dkt. No. 21.

On September 8, 2026, Plaintiffs served discovery requests on Defendants. On September 16, 2026, Defendants filed their [23] Motion for Leave to File a Rule 12(b)(1) Motion to Dismiss and to Stay Discovery. The Court denied Defendants' Motion for Leave to File a Rule 12(b)(1) Motion to Dismiss as unnecessary and set a briefing schedule for the Motion to Stay. In the interim, the Court ordered any discovery deadlines and obligations be held in abeyance. The

parties completed briefing on the Motion to Stay, and, on September 28, 2026, Defendants filed their [27] Motion to Dismiss.

## II. ANALYSIS

Currently before the Court is Defendants' [23] Motion to Stay Discovery. The Defendants argue that the Court should stay discovery "unless [1] the Court denies the EEOC's Rule 12(b)(1) motion *and* until [2] EEOC counsel complete their ongoing internal inquiry." Def. Mot. at 5–6 (emphasis in original). In response, Plaintiffs argue that "limited discovery will aid the Court in resolving Defendants' arguments that Plaintiffs' injuries are not sufficiently concrete, likely, or imminent for Article III standing." Pl.'s Supp. Br. at 5.

The Court agrees with Plaintiffs. In this case, Defendants have acknowledged that an Administrative Judge ordered that "all case processing . . . must be paused" and stated that "[t]his notification applies to all class cases in the federal sector." Dkt. No. 18, at 2 (quoting Dkt. No. 13-10). However, while Defendants later denied that the EEOC or its Chair ordered this pause, Dkt. 20-11, the record does not demonstrate why the Administrative Judge issued this order or believed it applied to "all cases in the federal sector," Dkt. 18, at 2.

Accordingly, limited discovery in this case will help the Court to "ascertain the contours of the precise policy at issue," which directly bears on Plaintiffs' standing, given that the "scope of the alleged policy . . . impacts the scope of the harm to plaintiffs." *AFL-CIO v. Dep't of Lab.*, 349 F.R.D. 243, 248-253 (D.D.C. 2025) (JDB) (citation and quotation marks omitted). Such limited discovery falls comfortably within this Circuit's practice. As the Court noted when it first ordered limited discovery in this case, when the parties dispute the existence of a government policy in an Administrative Procedure Act ("APA") case, a court may allow "limited discovery . . . to determine 'whether the alleged policy in fact exists.'" Mem. Op. at 10, Dkt. 22 (quoting *AFL*, 349 F.R.D. at 248). This discovery "is not so much 'fact-finding' as it is 'filling in

gaps . . . to determine what the agency actually did.'" *AFL*, 349 F.R.D. at 249 (quoting *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1227 (D.C. Cir. 1993)).

Furthermore, as Plaintiffs emphasize in their Supplemental Briefing, limited discovery in APA cases where the existence of a policy is disputed can "serve[] the same narrow purpose that the administrative record normally would—simply requiring the agency to disclose the 'basis of its action' to 'permit meaningful judicial review.'" Pl.'s Suppl. Br. at 3 (quoting *Dep't of Com. v. New York*, 588 U.S. 752, 780 (2019)). After all, Local Rule 7(n)(1) requires the government to file a certified list of the contents of the administrative record "simultaneously with the filing of a dispositive motion," even though, as Plaintiffs explain, those motions often raise jurisdictional arguments. *See id.* Where, as here, the government represents that "no administrative record exists" because no policy exists, Dkt. 18-5 at 2, limited discovery can help serve a similar role in assisting the Court's jurisdictional analysis.

## IV. CONCLUSION

For the foregoing reasons, the Court shall **DENY** the Defendant's [23] Motion for a Stay of Discovery. An appropriate Order accompanies this Memorandum Opinion.

**Dated:** October 3, 2026

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge