# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| American Federation of Government Employees, AFL-CIO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. Equal Employment Opportunity Commission, *et al.*,<br><br>Defendants. | Case No. 1:26-cv-02640-CKK |

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 33 and 34, and in accordance with the Court's minute order of October 14, 2026, Defendants United States Equal Employment Opportunity Commission and Chair Andrea R. Lucas (collectively referred to herein as "the EEOC" or the "Commission") hereby submit revised responses and objections to Plaintiffs' Interrogatories and Requests for Production of Documents served on September 8, 2026.

Defendants object to Plaintiffs' Interrogatories and Requests for Production of Documents in their entirety because the EEOC's processing of federal-sector administrative complaints is not agency action reviewable under the Administrative Procedure Act, *see* ECF No. 27. Defendants respond in compliance with the Court's order and without waiving any argument raised in their Motion to Dismiss, *see* ECF No. 27. Defendants also object on the basis of deliberative process privilege, attorney-client privilege, attorney work product doctrine, and any privilege as applicable to the extent Plaintiffs' interrogatories and requests for production seek privileged material.

The EEOC responds to the interrogatories and requests for production based on its present knowledge, information, and belief. The EEOC reserves the right to supplement or amend these objections and responses upon, among other things, discovery of additional facts and materials and subject to other developments or proceedings in this action. The EEOC reserves the right to make any use of, or introduce at any hearing or at trial, materials responsive to the requests for production discovered subsequent to the date of these responses.

## DEFINITIONS AND INSTRUCTIONS

Defendants object to Plaintiffs' definition of the "Relevant Period" in paragraph 8 as beginning on January 20, 2025. Inauguration Day has no bearing on "Plaintiffs' standing" or "the contours of the precise policy at issue." ECF No. 30 at 3.

Defendants object to paragraph 12 of Plaintiffs' Definitions and Instructions as an impermissible attempt to deprive Defendants' right under Federal Rules of Civil Procedure 33 and 34 to raise objections to discovery requests.

## INTERROGATORIES

### Interrogatory No. 1

Describe in full each Class Case Pause that the EEOC adopted, communicated, or implemented during the Relevant Period. For each Class Case Pause identified, state its terms, source, implementation date, recipients, rationale, intended scope, anticipated duration, exceptions, means of implementation, and date and manner of termination or withdrawal, and Identify each person or entity who approved, authorized, directed, transmitted, communicated, implemented, monitored, rescinded, or ended any Class Case Pause during the Relevant Period, and describe each person's role, the dates of their involvement, and the extent of their involvement. If any relevant instruction came from an individual or agency outside of the EEOC, Identify that agency or individual and describe such instruction.

**Objections to Interrogatory No. 1**

Defendants object to the form of Interrogatory No. 1, which improperly combines at least three distinct interrogatories into one, *see* Fed. R. Civ. P. 33(a)(1), and therefore misleadingly minimizes to the Court the actual number of interrogatories Plaintiffs served.

Interrogatory No. 1 is overbroad in its scope. Because the Complaint only challenges a so-called Suspension Directive allegedly issued in December 2025, *see* ECF No. 1 ¶¶ 6–7, Defendants object to Plaintiffs' definition of the "Relevant Period" as beginning on January 20, 2025. By demanding production of information based on Inauguration Day rather than conduct alleged in the Complaint, Interrogatory No. 1 reaches far beyond matters relevant to "Plaintiffs' standing" (ECF No. 30 at 3), is disproportionate to the needs of the case, and imposes on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Defendants further object to Interrogatory No. 1 as demanding the production of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1).

**Response to Interrogatory No. 1**

Subject to and without waiving the foregoing objections, Defendants state as follows.

Neither Chair Lucas nor the Commission directed, approved, or adopted a policy for administrative judges to stay all federal-sector class cases. Based on the EEOC's internal investigation, the following occurred. In the second half of 2025, the Chief Administrative Judge, who supervises the federal-sector hearings program within the Office of Field Programs, instructed her subordinate supervisors that pending class complaints were to be paused. That

instruction was neither authorized by nor known to the Chair, the Office of the Chair, or the Commission. The instruction was first put in writing on December 5, 2025, and was transmitted to administrative judges beginning December 8, 2025.

Upon learning of this lawsuit, the Chair took immediate investigative and corrective action. On July 29, 2026, Thomas Harward, Senior Counsel to the Chair emailed the Chief Administrative Judge and stated, "We need to speak to AJ Ebron immediately to fully understand what she was misconstruing to think there was a government-wide stop on class-complaints . . . . We need to follow up with each AJ currently assigned to a class complaint to confirm no similar representations have been made to parties regarding a government-wide stoppage." EEOC_0000001, EEOC_0000004. At a July 30, 2026, which had been previously scheduled, Mr. Harward and Ms. Sharon Rose, Chief Operating Officer, met with the Chief Administrative Judge to review each pending class matter and to ensure all such cases, including *Pippen*, were continuing to proceed in their ordinary course. Thereafter, on August 24, 2026, the National Director of the Office of Field Programs (the Chief Administrative Judge's supervisor) confirmed in writing to administrative judges that federal-sector class complaints should proceed, and should have been proceeding, in the ordinary course. EEOC_0000017.

The identities of the EEOC employees involved, other than those already identified in the record, and the content of internal communications among them, are personnel and internal management information.

**Interrogatory No. 2**

Identify each Federal-Sector Class Complaint pending on or after January 20, 2025, or filed after that date, including the name of the case, the case number, all actions taken by the judge since January 20, 2025, including the date and nature of each action, and the name and contact information of the employees' counsel. For each case, indicate whether its processing was paused, stayed, held in abeyance, deferred, slowed, or otherwise not advanced at any time during

the Relevant Period; and, if so, describe the reason each Federal-Sector Class Complaint was paused, stayed, held in abeyance, deferred, slowed, or otherwise not advanced. For each Federal-Sector Class Complaint identified, state the date the pause began and ended, who caused or communicated it, the reason for it, and when and how processing resumed.

**Objections to Interrogatory No. 2**

Defendants object to the form of Interrogatory No. 2, which improperly combines at least three distinct interrogatories into one, *see* Fed. R. Civ. P. 33(a)(1), and therefore misleadingly minimizes before the Court the actual number of interrogatories Plaintiffs served. By Defendants' running count, Plaintiffs have so far served six interrogatories, which does not adhere to the Court's requirement that any discovery shall be "appropriately tailored" and "limited to a reasonable number of targeted interrogatories and requests for production of documents." ECF No. 21 at 1.

Defendants object to Interrogatory No. 2 as demanding production of information based on Inauguration Day rather than the allegations in the Complaint. The sole administrative proceeding discussed in the Complaint is *Pippen v. Bureau of Prisons*, EEOC No. 460-2024-00132X. Discovery of case-by-case information for administrative proceedings in which no Plaintiff is a participant reaches far beyond matters relevant to Plaintiffs' claims, is disproportionate to the needs of the case, and imposes on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Defendants object to Interrogatory No. 2 because it seeks information protected by the Privacy Act, 5 U.S.C. § 552a, or by any other statute or regulation restricting disclosure. Defendants will produce any such information only in compliance with those requirements, including but not limited to, where required, pursuant to an order under 5 U.S.C. § 552a(b)(11). Defendants further object to Interrogatory No. 2 as demanding the production of a significant amount of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Because the "limited discovery"

ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1).

**Interrogatory No. 3**

Describe all Communications, written or oral, constituting, memorializing, transmitting, discussing, interpreting, implementing, or referring to any Class Case Pause during the Relevant Period, including but not limited to: instructions to cancel or refrain from scheduling deadlines, appearances, conferences, hearings, discovery, briefing, or rulings; criteria for any exceptions; Communications identifying matters affected by the Pause; Communications concerning whether or why Processing was paused; and responsive Communications to or from Andrea Lucas, Sharon Rose, Kevin Rung, Justin Evans, the directors or deputy directors responsible for federal-sector adjudication, supervisory administrative judges, and administrative judges.

**Objections to Interrogatory No. 3**

Defendants object to the form of Interrogatory No. 3, which improperly combines numerous distinct interrogatories into one, *see* Fed. R. Civ. P. 33(a)(1), and therefore misleadingly minimizes before the Court the actual number of interrogatories Plaintiffs served. By Defendants' count, Plaintiffs so far have served 10 interrogatories, which does not adhere to the Court's requirement that any discovery shall be "appropriately tailored" and "limited to a reasonable number of targeted interrogatories and requests for production of documents." ECF No. 21 at 1.

Defendants object to describing "all Communications, written or oral, constituting, memorializing, transmitting, discussing, interpreting, implementing, or referring to any Class Case Pause during the Relevant Period, including but not limited to: instructions to cancel or

refrain from scheduling deadlines, appearances, conferences, hearings, discovery, briefing, or rulings; criteria for any exceptions; Communications identifying matters affected by the Pause; Communications concerning whether or why Processing was paused; and responsive Communications to or from Andrea Lucas, Sharon Rose, Kevin Rung, Justin Evans, the directors or deputy directors responsible for federal-sector adjudication, supervisory administrative judges, and administrative judges" as disproportionate to the needs of the case and imposing on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1). The sheer administrative burden of identifying and synthesizing all such communications across a broad swath of the EEOC for purposes of an interrogatory response is both obvious and staggering.

Because the Complaint only challenges a so-called Suspension Directive allegedly issued in December 2025, *see* ECF No. 1 ¶¶ 6–7, Defendants object to Plaintiffs' definition of the "Relevant Period" as beginning on January 20, 2025. By demanding production of information based on Inauguration Day rather than conduct alleged in the Complaint, Interrogatory No. 3 reaches far beyond matters relevant to Plaintiffs' claims, is disproportionate to the needs of the case, and imposes on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Defendants further object to Interrogatory No. 3 as demanding the production of significant quantities of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1). Defendants further object because Interrogatory No. 3 seeks production of internal EEOC information subject to the deliberative-process, attorney-client, and work-

product privileges. *See, e.g.*, *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014).

Defendants object to Interrogatory No. 3 as unreasonably cumulative or duplicative of the discovery sought through Interrogatory Nos. 4, 5, 6, 7, 9, as well as Request for Production Nos. 1, 2, 4, 5, 6, 7.

**Interrogatory No. 4**

State the complete factual basis for paragraphs 3 and 5 of the Declaration of Sharon A. Rose (ECF No. 18-5), including what Ms. Rose meant by "the Commission," "isolated incident," "issued in error," and "promptly corrected." Describe the full extent of any inquiry, investigation, or review undertaken and Identify each person or Document consulted to reach the conclusions in Ms. Rose's declaration.

**Objections to Interrogatory No. 4**

Defendants object to the form of Interrogatory No. 4, which improperly combines three distinct interrogatories into one, *see* Fed. R. Civ. P. 33(a)(1), and therefore misleadingly minimizes before the Court the actual number of interrogatories Plaintiffs served. By Defendants' count, Plaintiffs have served 13 interrogatories, which does not adhere to the Court's requirement that any discovery shall be "appropriately tailored" and "limited to a reasonable number of targeted interrogatories and requests for production of documents." ECF No. 21 at 1.

Defendants object to Interrogatory No. 4 as demanding the production of significant quantities of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log

listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1).

Beyond the answer provided herein, Defendants object to any fuller description of the EEOC's internal inquiry, investigation, or review, including every person and document consulted, as disproportionate to the needs of the case and imposing on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Defendants object to Interrogatory No. 4 as unreasonably cumulative or duplicative of the discovery sought through Interrogatory Nos. 5 and 9, as well as Request for Production No. 4.

**Response to Interrogatory No. 4**

Subject to and without waiving the foregoing objections, Defendants state as follows.

Sharon Rose serves as the Chief Operating Officer of the EEOC and in this role has knowledge of the operations and policies of the Commission, which formed the basis for her declaration. The EEOC has not identified any order of an administrative judge similar to the "Notification of Case Processing Abeyance" entered in *Pippen v. Federal Bureau of Prisons*, EEOC No. 460-2024-00132X on December 10, 2025. Agency leadership, including agency counsel, became aware of the December 10, 2025, order in *Pippen* only after this lawsuit was filed on July 28, 2026. The EEOC took prompt corrective action for this order, and *Pippen* is proceeding in its ordinary course. The EEOC also conducted a subsequent investigation and while it found no administrative orders like the one issued in *Pippen*, the EEOC concluded there was an incorrect internal processing procedure issued by the Chief Administrative Judge to National Hearing Program Managers who then told supervisory administrative judges, who then subsequently disseminated that message to administrative judges as discussed herein.

**Interrogatory No. 5**

State the complete factual basis for Defendants' contention that the EEOC did not adopt a policy of suspending Federal-Sector Class Complaints and that the delays identified in *Pippen*

and other matters did not result from a directive from Defendants. Identify each person and Document that has information related to that contention.

**Objections to Interrogatory No. 5**

Defendants object to the form of Interrogatory No. 5, which improperly combines multiple distinct interrogatories into one, *see* Fed. R. Civ. P. 33(a)(1), and therefore misleadingly minimizes before the Court the actual number of interrogatories Plaintiffs served. By Defendants' running count, this brings to 15 the number of interrogatories Plaintiffs have served, which does not adhere to the Court's requirement that any discovery shall be "appropriately tailored" and "limited to a reasonable number of targeted interrogatories and requests for production of documents." ECF No. 21 at 1.

Defendants object to Interrogatory No. 5 as demanding the production of significant quantities of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1). Defendants further object because Interrogatory No. 5 seeks production of internal EEOC information subject to the deliberative-process, attorney-client, and work-product privileges. *See, e.g.*, *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014).

**Response to Interrogatory No. 5**

Subject to and without waiving the foregoing objections, Defendants state as follows.

Neither Chair Lucas nor the Commission directed, approved, or adopted a policy for administrative judges to stay all federal-sector class cases. The EEOC's internal review found no such directive. The review did uncover that in the second half of 2025, the Chief Administrative

Judge who supervises the federal-sector hearings program within the Office of Field Programs, instructed her subordinate supervisors that pending class complaints were to be paused. That instruction was neither authorized by nor known to the Chair, the Office of the Chair, or the Commission. The instruction was first put in writing on December 5, 2025, and was transmitted to administrative judges beginning December 8, 2025. Every supervisor and administrative judge who received the instruction to pause all federal-sector class cases received it from or through the Chief Administrative Judge. The stay in *Pippen* resulted from that instruction.

The identities of the EEOC employees involved, other than those already identified in the record, and the content of internal communications among them, are personnel and internal management information.

**Interrogatory No. 6**

State each basis on which Administrative Judge Erania Ebron relied in stating that Federal-Sector Class Complaints were on pause and that she and other administrative judges were not permitted to process Federal-Sector Class Complaints and describe any Communications, written or oral, to or from Judge Ebron regarding the pause of Federal Sector Class Actions including, without limitation, in the *Pippen* class case. Identify the source of any direction and describe the origin, authorization or approval, distribution, and implementation of and each person to whom the email or its substance was transmitted.

**Objections to Interrogatory No. 6**

Defendants object to the form of Interrogatory No. 6, which improperly combines multiple distinct interrogatories into one, *see* Fed. R. Civ. P. 33(a)(1), and therefore misleadingly minimizes before the Court the actual number of interrogatories Plaintiffs served. By Defendants' running count, this brings to 18 the number of interrogatories Plaintiffs have served, which does not adhere to the Court's requirement that any discovery shall be "appropriately

tailored" and "limited to a reasonable number of targeted interrogatories and requests for production of documents." ECF No. 21 at 1.

Defendants object that Interrogatory No. 6 seeks information and a description of communications regarding the alleged suspension of federal-sector class cases "without limitation" to the *Pippen* matter. Because *Pippen* is the only class case discussed in the Complaint, the broader scope of Interrogatory No. 6 is disproportionate to the needs of the case and imposes on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Defendants object to Interrogatory No. 6 as unreasonably cumulative or duplicative of the discovery sought through Interrogatory Nos. 3 and 5, as well as Requests for Production Nos. 1 and 2.

Defendants object to Interrogatory No. 6 as demanding the production of significant quantities of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1).

**Response to Interrogatory No. 6**

Subject to and without waiving the foregoing objections, Defendants state as follows.

Erania Ebron was erroneously informed by her supervisor via email on December 8, 2025, that all federal sector class cases were to be paused. Ms. Ebron's supervisor acted upon information he received from his superior who had acted at the direction of the Chief Administrative Judge. The Chief Administrative Judge, however, had not been directed by

agency leadership to issue any such instructions to her subordinates and thereupon down to the administrative judges.

The identities of the EEOC employees involved, other than those already identified in the record, and the content of internal communications among them, are personnel and internal management information.

**Interrogatory No. 7**

Describe all Communications, written or oral, from or to Supervisory Administrative Judge Kevin Rung, concerning the processing of Federal-Sector Class Complaints since January 20, 2025, including the parties to the Communications, the date, and the contents. This includes, without limitation, Supervisory Administrative Judge Kevin Rung's email dated approximately December 8, 2025, advising administrative judges of a pause in class cases. Identify the source of any direction and describe the origin, authorization or approval, distribution, and implementation of and each person to whom the email or its substance was transmitted.

**Objections to Interrogatory No. 7**

Defendants object to the form of Interrogatory No. 7, which improperly combines multiple distinct interrogatories into one, *see* Fed. R. Civ. P. 33(a)(1), and therefore misleadingly minimizes before the Court the actual number of interrogatories Plaintiffs served. By Defendants' running count, this brings to 21 the number of interrogatories Plaintiffs have served, which does not adhere to the Court's requirement that any discovery shall be "appropriately tailored" and "limited to a reasonable number of targeted interrogatories and requests for production of documents." ECF No. 21 at 1.

Because the Complaint only challenges a so-called Suspension Directive allegedly issued in December 2025, *see* ECF No. 1 ¶¶ 6–7, Defendants object to Interrogatory No. 7's request to describe communications since January 20, 2025. By demanding production of information based on Inauguration Day rather than conduct alleged in the Complaint, Interrogatory No. 7

reaches far beyond matters relevant to Plaintiffs' claims, is disproportionate to the needs of the case, and imposes on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Defendants object to the request for a description of "all Communications, written or oral, from or to Supervisory Administrative Judge Kevin Rung, concerning the processing of Federal-Sector Class Complaints since January 20, 2025, including the parties to the Communications, the date, and the contents," as well as identifying and describing a host of other information as disproportionate to the needs of the case and imposing on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Defendants object to Interrogatory No. 7 as unreasonably cumulative or duplicative of the discovery sought through Interrogatory Nos. 3, 4, 5, and 6, as well as Request for Production Nos. 1, 2, and 5.

Defendants object to Interrogatory No. 7 as demanding the production of significant quantities of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1).

**Response to Interrogatory No. 7**

Subject to and without waiving the foregoing objections, Defendants state as follows.

Kevin Rung was misinformed that all class cases were to be paused by his supervisor at a regularly scheduled meeting on December 5, 2025. Mr. Rung noted the erroneous, verbal instruction in his personal records and requested that his supervisor provide it to him in writing. This led to his supervisor's December 5, 2025, email and Mr. Rung's subsequent December 8,

2025, email. His supervisor's December 5, 2025, email is the earliest written instruction to pause all federal-sector class cases that Defendants have identified.

The identities of the EEOC employees involved, other than those already identified in the record, and the content of internal communications among them, are personnel and internal management information.

**Interrogatory No. 8**

Describe each inquiry, investigation, or review undertaken by the EEOC after July 28, 2026 to determine whether and which Federal-Sector Class Complaints had been paused or delayed. Identify who conducted each inquiry, investigation, or review, the findings reached, the number and identity of affected matters located, and each corrective action taken as a result.

**Objections to Interrogatory No. 8**

Defendants object to the form of Interrogatory No. 8, which improperly combines multiple distinct interrogatories into one, *see* Fed. R. Civ. P. 33(a)(1), and therefore misleadingly minimizes before the Court the actual number of interrogatories Plaintiffs served. By Defendants' count, Plaintiffs have served 23 interrogatories, which does not adhere to the Court's requirement that any discovery shall be "appropriately tailored" and "limited to a reasonable number of targeted interrogatories and requests for production of documents." ECF No. 21 at 1.

Defendants object to Interrogatory No. 8's request for information about the EEOC's internal inquiry as well beyond the scope of relevance for "Plaintiffs' standing" and "the contours of the precise policy at issue," ECF No. 30 at 3, a so-called Suspension Directive allegedly issued in December 2025. *See* ECF No. 1 ¶¶ 6–7. The temporal focus for APA review is "the time the decision was made" and post hoc events are irrelevant. *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981). For the same reasons, Defendants object that Interrogatory No. 8 is disproportionate to the needs of the case and imposes on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Defendants object to Interrogatory No. 8 because information related to the EEOC's internal inquiry, conducted through its Office of Legal Counsel, is subject to the deliberative-process, attorney-client, and work-product privileges. *See, e.g.*, *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014). Defendants object to Interrogatory No. 8 as demanding the production of significant quantities of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Defendants further object because Interrogatory No. 8 seeks production of internal EEOC information subject to the deliberative-process, attorney-client, and work-product privileges. *See, e.g.*, *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014).

Defendants object to Interrogatory No. 8 as unreasonably cumulative or duplicative of the discovery sought through Requests for Production Nos. 5 and 6.

**Response to Interrogatory No. 8:**

Subject to and without waiving the foregoing objections, Defendants state as follows.

Upon learning of this lawsuit, the Chair took immediate investigative and corrective action. On July 29, 2026, Thomas Harward, Senior Counsel to the Chair emailed the Chief Administrative Judge and stated, "We need to speak to AJ Ebron immediately to fully understand what she was misconstruing to think there was a government-wide stop on class-complaints . . . . We need to follow up with each AJ currently assigned to a class complaint to confirm no similar representations have been made to parties regarding a government-wide stoppage." EEOC_0000001, EEOC_0000004. At a July 30, 2026, meeting, which had been previously scheduled, Mr. Harward and Ms. Sharon Rose, Chief Operating Officer, met with the Chief Administrative Judge to review each pending class matter and to ensure all such cases, including *Pippen*, were continuing to proceed in their ordinary course. Thereafter, on August 24, 2026, the National Director of the Office of Field Programs (the Chief Administrative Judge's supervisor) confirmed in writing to administrative judges that federal-sector class complaints should proceed, and should have been proceeding, in the ordinary course. EEOC_0000017.

**Interrogatory No. 9**

Describe every action, and the basis for that action, the EEOC has taken to ensure uninterrupted processing of Federal-Sector Class Complaints without delay in accordance with current Commission regulations, including without limitation, the decision to reassign the *Pippen* matter from Administrative Judge Erania Ebron. For each action, state the basis for the decision and Identify the decisionmakers, stated and actual reasons for the decision, and information considered.

**Objections to Interrogatory No. 9**

Defendants object to the form of Interrogatory No. 9, which improperly combines multiple distinct interrogatories into one, *see* Fed. R. Civ. P. 33(a)(1), and therefore misleadingly minimizes before the Court the actual number of interrogatories Plaintiffs served. By Defendants' running count, Plaintiffs have served 25 interrogatories, which does not adhere to the Court's requirement that any discovery shall be "appropriately tailored" and "limited to a reasonable number of targeted interrogatories and requests for production of documents." ECF No. 21 at 1.

Defendants object to Interrogatory No. 9 as overbroad and vague because the processing of an administrative class complaint may experience delay or interruption for myriad reasons, such as the conduct of the parties, that has no connection to "Plaintiffs' standing" or "the contours of the precise policy at issue." ECF No. 30 at 3; *see* Fed. R. Civ. P. 26(b)(1).

Defendants object to Interrogatory No. 9 because it seeks production of internal EEOC information subject to the deliberative-process, attorney-client, and work-product privileges. *See, e.g.*, *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014).

Defendants object to Interrogatory No. 9 because it seeks information concerning the performance, conduct, or status of individual EEOC employees, including administrative judges, and the reasons for the assignment or reassignment of particular matters. Such information is maintained in Privacy Act systems of records (OPM/GOVT-1, -2, and -3), *see* 5 U.S.C. § 552a(b); 5 C.F.R. § 293.311, implicates the privacy interests Congress recognized in 5 U.S.C.

§ 552(b)(6), and is not relevant to "Plaintiffs' standing" and "the contours of the precise policy at issue," ECF No. 30 at 3; *see* Fed. R. Civ. P 26(b)(1). And neither federal personnel actions nor the EEOC's general administration of the class-complaint program are subject to APA review.

Defendants object to Interrogatory No. 9 as vague and overbroad because it fails to specify a time frame. *See* ECF No. 1 ¶¶ 6–7. Defendants object to Plaintiffs' definition of the "Relevant Period" as beginning on January 20, 2025 because it demands information based on Inauguration Day rather than conduct alleged in the Complaint. Interrogatory No. 9 reaches far beyond matters relevant to "Plaintiffs' standing" and "the contours of the precise policy at issue" (ECF No. 30 at 3), is disproportionate to the needs of the case, and imposes on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Similarly the temporal focus for APA review is "the time the decision was made," and Interrogatory No. 9 is therefore overbroad to the extent it seeks information about post hoc events that are irrelevant to the claims in this case. *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981). For the same reasons, Defendants object that Interrogatory No. 9 is disproportionate to the needs of the case and imposes on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1).

**Response to Interrogatory No. 9**

Subject to and without waiving the foregoing objections, Defendants state as follows.

Once this lawsuit was filed, Defendants began communicating with the relevant parties, including Ms. Ebron, to determine how Ms. Ebron had incorrectly come to believe that all federal-sector class cases were paused. The Office of the Chair informed the National Director of the Office of Field Programs and the Chief Administrative Judge that class cases should not be

paused and worked with them to ensure that processing resumed. A new administrative judge was assigned to *Pippen* and issued a scheduling order on August 10, 2026, that set deadlines for discovery and motions for summary judgment. EEOC_0000012–EEOC_0000014. This order "supersede[d]" Ms. Ebron's December 10, 2025, order, "which was issued in error." EEOC_0000012.

Additionally, on August 24, 2026, the National Director of the Office of Field Programs sent an email to all Federal Sector Hearings staff:

> I believe a reminder to our AJ team is warranted. As an executive agency, all AJ opinions must align with applicable Executive Orders, DOJ OLC Opinions, and binding U.S. Supreme Court and OFS precedent, all of which continue to evolve. The initial inquiry in any matter should consider the text of the statutes and regulations we enforce, as well as these controlling authorities—not whether the complaint seeks class or individual relief.
>
> To be clear, all federal sector class and individual cases that are not affected by novel binding authorities should proceed, and should have been proceeding, in the ordinary course. For matters that are potentially affected, my understanding is that the Chief AJ has already coordinated with AJs handling these matters to ensure appropriate processing that is tailored to the case at hand.

EEOC_0000017.

The identities of the EEOC employees involved, other than those already identified in the record, and the content of internal communications among them, are personnel and internal management information.

**Interrogatory No. 10**

State whether "the EEOC . . . disclaim[s] the authority to suspend the processing of federal-sector class complaints in the manner the Plaintiffs have alleged," as the Court understood Defendants to have represented, *see* Mem. Op. at 9, ECF No. 22, and, if so, the basis of that representation.

**Objections to Interrogatory No. 10**

By Defendants' count, Plaintiffs have served 26 interrogatories, which is more than allowed under Fed. R. Civ. P. 33(a)(1) and does not adhere to the Court's requirement that any discovery shall be "appropriately tailored" and "limited to a reasonable number of targeted interrogatories and requests for production of documents," ECF No. 21 at 1.

Defendants object to Interrogatory No. 10 as irrelevant to Plaintiffs' APA claims here and to "ascertain[ing] the contours of the precise policy at issue." ECF No. 30 at 3.

**Response to Interrogatory No. 10**

Subject to and without waiving the foregoing objections, Defendants state as follows.

In its September 2, 2026, opinion, the Court said "it understands the EEOC to have disclaimed the authority to suspend the processing of federal-sector class complaints in the manner the Plaintiffs have alleged." ECF No. 22 at 9. The Court cited page 8 of Defendants' opposition brief as support. On page 8 of that brief, Defendants said: "After all, there was no 'Suspension Directive.' Rose Decl. ¶ 3. EEOC *agrees* that the processing of class complaints should not have been suspended. Once the agency became aware of Plaintiffs' allegations, it promptly and voluntarily reassigned *Pippen* to a new administrative judge to ensure the matter continues apace." ECF No. 18 at 8. Then and now, the EEOC neither asserts nor disclaims, as a general matter, any legal authority to suspend processing federal-sector class complaints in the manner alleged by Plaintiffs here.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 1**

All Documents constituting, memorializing, transmitting, discussing, interpreting, implementing, or referring to whether Federal-Sector Class Complaints should be paused or stayed, including, without limitation, the complete email sent by Supervisory Administrative Judge Kevin Rung dated approximately December 8, 2025, advising administrative judges of a pause in class cases, including the list of recipients and any attachments, metadata, prior or subsequent messages in the same thread, responses, and Communications discussing or interpreting that email.

**Objections to Request for Production No. 1**

In seeking "*All* Documents" that might touch on a host of topics, Request for Production No. 1 is overbroad and unduly burdensome. Defendants object to Request for Production No. 1 as demanding the production of significant quantities of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1).

Defendants object to Request for Production No. 1 because the identification and production of "*All* Documents constituting, memorializing, transmitting, discussing, interpreting, implementing, or referring to whether Federal-Sector Class Complaints should be paused or stayed" is unduly burdensome and disproportionate to the Court's stated need to "ascertain the contours of the precise policy at issue" and resolve "Plaintiffs' standing." ECF No. 30 at 3; *see* Fed. R. Civ. P 26(b)(1).

Defendants object to Request for Production No. 1 as unreasonably cumulative or duplicative of the discovery sought through Interrogatory Nos. 6, 7, 9, as well as Request for Production Nos. 2, 6, and 7.

**Response to Request for Production No. 1**

Please see the attached documents.

**Request for Production No. 2**

All Documents constituting, memorializing, transmitting, discussing, interpreting, implementing, or referring to any Class Case Pause during the Relevant Period, including but not limited to: instructions to cancel or refrain from scheduling deadlines, appearances, conferences, hearings, discovery, briefing, or rulings; criteria for any exceptions; Documents identifying matters affected by the Pause; Documents concerning whether or why Processing was paused; and responsive Communications to or from Andrea Lucas, Sharon Rose, Kevin Rung, Justin Evans, the directors or deputy directors responsible for federal-sector adjudication, supervisory administrative judges, and administrative judges.

**Objections to Request for Production No. 2**

Because the Complaint only challenges a so-called Suspension Directive allegedly issued in December 2025, *see* ECF No. 1 ¶¶ 6–7, Defendants object to Plaintiffs' definition of the "Relevant Period" as beginning on January 20, 2025. By demanding production of information based on Inauguration Day rather than conduct alleged in the Complaint, Request for Production No. 2 reaches far beyond matters relevant to "Plaintiffs' standing" and "the contours of the precise policy at issue" (ECF No. 30 at 3), is disproportionate to the needs of the case, and imposes on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

In seeking "*All* Documents" that might touch on a host of topics, this request is also overbroad and unduly burdensome. Defendants object to Request for Production No. 2 because it

demands the production of significant quantities of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1). Defendants further object because Request for Production No. 2 seeks production of internal EEOC information subject to the deliberative-process, attorney-client, and work-product privileges. *See, e.g.*, *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014).

Defendants object to Request for Production No. 2 because the identification and production of "*All* Documents constituting, memorializing, transmitting, discussing, interpreting, implementing, or referring to any Class Case Pause during the Relevant Period, including but not limited to" a host of subcategories and myriad agency officers and employees is unduly burdensome and disproportionate to the Court's limited need to "ascertain the contours of the precise policy at issue" and resolve "Plaintiffs' standing." ECF No. 30 at 3; *see* Fed. R. Civ. P 26(b)(1).

Defendants object to Request for Production No. 2 as unreasonably cumulative or duplicative of the discovery sought through Interrogatory Nos. 7 and 9, as well as Request for Production Nos. 1, 6, and 7.

**Response to Request for Production No. 2**

Please see the attached documents.

**Request for Production No. 3**

Documents sufficient to identify every Federal-Sector Class Complaint pending at any time during the Relevant Period and to show, for each matter, its case number, assigned administrative judge, office or division, current procedural posture, names of contact information of employees' counsel, and dates and types of docket activity during the Relevant Period.

**Objections to Request for Production No. 3**

Because the Complaint only challenges a so-called Suspension Directive allegedly issued in December 2025, *see* ECF No. 1 ¶¶ 6–7, Defendants object to Plaintiffs' definition of the "Relevant Period" as beginning on January 20, 2025. By demanding production of information based on Inauguration Day rather than conduct alleged in the Complaint, Request for Production No. 3 reaches far beyond matters relevant to Plaintiffs' claims, is disproportionate to the needs of the case, and imposes on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Defendants object to Request for Production No. 3 as demanding production of information based on Inauguration Day rather than the allegations in the Complaint. The sole administrative proceeding discussed in the Complaint is *Pippen v. Bureau of Prisons*, EEOC No. 460-2024-00132X. Discovery of case-by-case information for administrative proceedings in which no Plaintiff is a participant reaches far beyond matters relevant to Plaintiffs' claims, is disproportionate to the needs of the case, and imposes on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1).

Defendants object to Request for Production No. 3 because it seeks information protected by the Privacy Act, 5 U.S.C. § 552a, or by any other statute or regulation restricting disclosure.

Defendants will produce any such information only in compliance with those requirements, including but not limited to, where required, pursuant to an order under 5 U.S.C. § 552a(b)(11).

Defendants object to Request for Production No. 3 as unreasonably cumulative or duplicative of the discovery sought through Interrogatory Nos. 2 and 5.

**Request for Production No. 4**

All Documents reviewed, consulted, or relied upon by Sharon A. Rose in making the factual assertions in her Declaration (ECF No. 18-5), including but not limited to Documents concerning the determinations that the *Pippen* abeyance order was an "isolated incident," was "issued in error," and was "promptly corrected."

**Objections to Request for Production No. 4**

Defendants object to Request for Production No. 4 as demanding the production of significant quantities of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1).

Defendants object to Request for Production No. 4 as unreasonably cumulative or duplicative of the discovery sought through Interrogatory Nos. 4 and 5.

**Request for Production No. 5**

All Documents and Communications concerning any decisions regarding the processing of Federal-Sector Class Complaints since July 28, 2026, including but not limited to instructions to

cancel or refrain from scheduling deadlines, appearances, conferences, hearings, discovery, briefing, or rulings; criteria for any exceptions; or any decision to remove or reassign Administrative Judge Erania Ebron from the *Pippen* matter.

**Objections to Request for Production No. 5**

In seeking "*All* Documents and Communications regarding the processing of Federal-Sector Class Complaints since July 28, 2026," Request for Production No. 5 is overbroad and unduly burdensome. Defendants object to Request for Production No. 5 as demanding the production of significant quantities of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1). Defendants further object because Request for Production No. 5 seeks production of internal EEOC information subject to the deliberative-process, attorney-client, and work-product privileges. *See, e.g.*, *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014).

Defendants object to Request for Production No. 5's request for information about events that post-date the filing of the Complaint as well beyond the scope of relevance for "Plaintiffs' standing" and "the contours of the precise policy at issue," ECF No. 30 at 3, a so-called Suspension Directive allegedly issued in December 2025, *see* ECF No. 1 ¶¶ 6–7. The temporal focus for APA review is "the time the decision was made" and post hoc events are irrelevant. *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981). For the same reasons, Defendants object that Request for Production No. 5 is disproportionate to the needs of the case and imposes on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Defendants object to Request for Production No. 5 as overbroad and unduly burdensome because Plaintiffs demand "*All* Documents and Communications regarding the processing of Federal-Sector Class Complaints since July 28, 2026" without any topical limitation. *See* Fed. R. Civ. P. 26(b)(1).

Defendants object to Request for Production No. 5 as unreasonably cumulative or duplicative of the discovery sought through Interrogatory No. 8.

Defendants object to Request for Production No. 5 because it seeks information concerning the performance, conduct, or status of individual EEOC employees, including administrative judges, and the reasons for the assignment or reassignment of particular matters. Such information is maintained in Privacy Act systems of records (OPM/GOVT-1, -2, and -3), *see* 5 U.S.C. § 552a(b); 5 C.F.R. § 293.311, implicates the privacy interests Congress recognized in 5 U.S.C. § 552(b)(6), and is not relevant to "Plaintiffs' standing" and "the contours of the precise policy at issue," ECF No. 30 at 3; *see* Fed. R. Civ. P 26(b)(1). Defendants further object to Request for Production No. 5 because it seeks case information protected by the Privacy Act, 5 U.S.C. § 552a, or by any other statute or regulation restricting disclosure. Defendants will produce any such information only in compliance with those requirements, including but not limited to, where required, pursuant to an order under 5 U.S.C. § 552a(b)(11).

**Request for Production No. 6**

All Documents and Communications concerning the termination, recission, withdrawal, repudiation, or disavowal of any Class Case Pause and the EEOC's current policy or guidance concerning processing of Federal-Sector Class Complaints.

**Objections to Request for Production No. 6**

In seeking "All Documents and Communications," Request for Production No. 6 is overbroad and unduly burdensome. Defendants object to Request for Production No. 6 as demanding the production of significant quantities of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1).

Defendants object to Request for Production No. 6 as unreasonably cumulative or duplicative of the discovery sought through Interrogatory No. 5.

**Response to Request for Production No. 6**

Please see the attached documents.

**Request for Production No. 7**

All Documents and Communications concerning measures contemplated or taken to prevent any future Class Case Pause and the factual basis for Defendants' representations that class complaints "should not have been suspended" and that such a suspension "will not recur."

**Objections to Request for Production No. 7**

In seeking "All Documents and Communications contemplated or taken," Request for Production No. 7 is overbroad and unduly burdensome. Defendants object to Request for Production No. 7 as demanding the production of significant quantities of information subject to the deliberative-process, attorney-client, and work-product privileges that are not part of an administrative record or required to be placed on a privilege log. *See Oceana, Inc. v. Ross*, 920

F.3d 855, 865 (D.C. Cir. 2019). Because the "limited discovery" ordered by the Court is intended to "serve the same narrow purpose that the administrative record normally would," ECF No. 30, at 4 (citation modified), Defendants object that production of information that would not be part of any administrative record and creation of a privilege log listing such information is unduly burdensome and disproportionate to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1).

Defendants object to Request for Production No. 7's request for information about events that post-date the filing of the Complaint as well beyond the scope of relevance for "Plaintiffs' standing" and "the contours of the precise policy at issue" (ECF No. 30 at 3), a so-called Suspension Directive allegedly issued in December 2025, *see* ECF No. 1 ¶¶ 6–7. The temporal focus for APA review is "the time the decision was made" and post hoc events are irrelevant. *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981). For the same reasons, Defendants object that Request for Production No. 7 is disproportionate to the needs of the case and imposes on Defendants a burden and expense that outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Defendants object to Request for Production No. 7 because the EEOC's future actions are irrelevant to "Plaintiffs' standing" and to "ascertain[ing] the contours of the precise policy at issue." ECF No. 30 at 3; *see* Fed. R. Civ. P 26(b)(1).

**Response to Request for Production No. 7**

Please see the attached documents.

Pursuant to Federal Rule of Civil Procedure 33(b)(3) and (b)(5), I declare under penalty of perjury that the foregoing answers to Interrogatory Nos. 1, 4, 5, 6, 7, 9, and 10 are true and correct. Executed on October 26, 2026.

/s/ Kimberly S.L. Essary
KIMBERLY S. L. ESSARY
Associate Legal Counsel
Office of Legal Counsel
U.S. Equal Employment Opportunity Commission

*For Objections to Interrogatories and Requests for Production:*

/s/ James W. Harlow
JAMES W. HARLOW
Senior Trial Counsel
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 514-6786
james.w.harlow@usdoj.gov