# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO,**<br><br>**DEANNA CHELETTE**, and<br><br>**ALEXZANDRIA BOYD**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**<br><br>and<br><br>**ANDREA R. LUCAS**, in her official capacity as Chair of the U.S. Equal Employment Opportunity Commission<br><br>*Defendants*. | Civil Action No. 1:26-cv-02640 |

**PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Pursuant to the Court's September 2, 2026 Order (ECF No. 21), Plaintiffs American Federation of Government Employees, AFL-CIO ("AFGE"), Deanna Chelette, and Alexzandria Boyd, through their undersigned attorneys, serve the following Interrogatories and Requests for Production of Documents ("RFPs") on Defendants U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") and Andrea R. Lucas, in her official capacity as Chair of the Commission. In accordance with the Court's Order, Defendants shall serve responses and any objections on or before September 18, 2026.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to the Interrogatories and Requests for Production:

1. **"Communication"** means any written, electronic, or oral transmission of information. For an oral Communication, the term includes any Document memorializing, summarizing, referring to, or reflecting the Communication.

2. **"Class Case Pause"** means any policy, decision, instruction, direction, request, recommendation, guidance, understanding, expectation, or course of conduct—whether written or oral, formal or informal— under which processing of Federal-Sector Class Complaints, or any category of such complaints (including complaints alleging disparate impact), was or was to be paused, stayed, held in abeyance, deferred, slowed, or otherwise not advanced.

3. **"Document"** is used in the broadest sense permitted by Rule 34 and includes Electronically Stored Information, email, and complete email threads, text or instant messages, memoranda, directives, guidance, orders, drafts, notes, minutes, calendar entries, presentations, spreadsheets, database records, docket reports, audit logs, recordings, and data compilations, together with attachments and associated metadata.

4. "**EEOC" or "Commission"** means the U.S. Equal Employment Opportunity Commission, including the EEOC's components, offices, divisions, officers, employees, former employees, agents, and all persons acting or purporting to act on their behalf. This definition includes but is not limited to EEOC's Office of Field Programs, Office of Federal Sector, federal-sector East and West Divisions, district and field offices, supervisory administrative judges, administrative judges, and any predecessor or successor individuals or organizational units responsible for federal-sector adjudication or policymaking.

5. "**Electronically Stored Information**" has the same expansive definition as used in Fed. R. Civ. P. 34.

6. **"Federal-Sector Class Complaint"** means a federal-sector EEO complaint asserted or proposed to be asserted on behalf of a class under 29 C.F.R. Part 1614, whether or not the class complaint has been certified.

7. **"Identify"** means: for a person, state the person's full name, title, employing agency, division, component or office; for a Document, state the Document's date, author, recipients, and subject; for a Federal-Sector Class Complaint, state the case name and number, names and contact information of the employees' counsel, assigned administrative judge, and current status.

8. **"Relevant Period"** means January 20, 2025, through the present.

9. In response to each Interrogatory and Request, provide all information and produce all Documents that are available to you, including information and Documents in the possession of your attorneys, investigators, employees, or agents. If you cannot answer the Interrogatories in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible. If you cannot produce a particular Document after exercising due diligence to find or obtain the Document, specifically state that you are unable to produce any responsive Documents.

10. If the response to any Interrogatory or the production of any requested Document is withheld pursuant to a claim of any privilege or that the information or Document constitutes attorney work product or trial preparation material, state the privilege or protection claimed for each response or Document expressly, and describe the nature of the information or Document not produced or disclosed in a manner that, without revealing the privileged or protected information,

will enable the parties and the Court to assess the applicability of the privilege or protection.

11. If any Document that would have been responsive to the Requests herein has been destroyed or is no longer in Defendants' possession, custody, or control, provide the date of the Document; the names and job titles of the preparer(s), sender(s), and recipient(s) of the Document; the date and identity of the person responsible for the distribution, loss, transfer, or other act or omission by which the Document left Defendants' possession, custody, or control; and the circumstances surrounding the loss of the Document or the reason for its destruction.

12. Defendants shall not object to any Interrogatory or Request for Production on the basis that it seeks information for matters other than *Pippen v. Federal Bureau of Prisons*, EEOC No. 460-2024-00132X, as the Court's Order expressly permits Plaintiffs to take limited discovery concerning the cause of the delays in both "the *Pippen* matter and other federal-sector class complaints."

13. If any email is responsive to these Requests, Defendants shall produce along with the email: the identity of the sender, the full list of recipients, including any recipients in the "cc" or "bcc" fields, any attachments, metadata, prior or subsequent messages in the same email thread, responses, and Communications discussing or interpreting that email.

## INTERROGATORIES

### INTERROGATORY NO. 1

Describe in full each Class Case Pause that the EEOC adopted, communicated, or implemented during the Relevant Period. For each Class Case Pause identified, state its terms, source, implementation date, recipients, rationale, intended scope, anticipated duration, exceptions, means of implementation, and date and manner of termination or withdrawal, and Identify each person or entity who approved, authorized, directed, transmitted, communicated,

implemented, monitored, rescinded, or ended any Class Case Pause during the Relevant Period, and describe each person's role, the dates of their involvement, and the extent of their involvement. If any relevant instruction came from an individual or agency outside of the EEOC, Identify that agency or individual and describe such instruction.

**INTERROGATORY NO. 2**

Identify each Federal-Sector Class Complaint pending on or after January 20, 2025, or filed after that date, including the name of the case, the case number, all actions taken by the judge since January 20, 2025, including the date and nature of each action, and the name and contact information of the employees' counsel. For each case, indicate whether its processing was paused, stayed, held in abeyance, deferred, slowed, or otherwise not advanced at any time during the Relevant Period; and, if so, describe the reason each Federal-Sector Class Complaint was paused, stayed, held in abeyance, deferred, slowed, or otherwise not advanced. For each Federal-Sector Class Complaint identified, state the date the pause began and ended, who caused or communicated it, the reason for it, and when and how processing resumed.

**INTERROGATORY NO. 3**

Describe all Communications, written or oral, constituting, memorializing, transmitting, discussing, interpreting, implementing, or referring to any Class Case Pause during the Relevant Period, including but not limited to: instructions to cancel or refrain from scheduling deadlines, appearances, conferences, hearings, discovery, briefing, or rulings; criteria for any exceptions; Communications identifying matters affected by the Pause; Communications concerning whether or why Processing was paused; and responsive Communications to or from Andrea Lucas, Sharon Rose, Kevin Rung, Justin Evans, the directors or deputy directors responsible for federal-sector adjudication, supervisory administrative judges, and administrative judges.

**INTERROGATORY NO. 4**

State the complete factual basis for paragraphs 3 and 5 of the Declaration of Sharon A. Rose (ECF No. 18-5), including what Ms. Rose meant by "the Commission," "isolated incident," "issued in error," and "promptly corrected." Describe the full extent of any inquiry, investigation, or review undertaken and Identify each person or Document consulted to reach the conclusions in Ms. Rose's declaration.

**INTERROGATORY NO. 5**

State the complete factual basis for Defendants' contention that the EEOC did not adopt a policy of suspending Federal-Sector Class Complaints and that the delays identified in *Pippen* and other matters did not result from a directive from Defendants. Identify each person and Document that has information related to that contention.

**INTERROGATORY NO. 6**

State each basis on which Administrative Judge Erania Ebron relied in stating that Federal-Sector Class Complaints were on pause and that she and other administrative judges were not permitted to process Federal-Sector Class Complaints and describe any Communications, written or oral, to or from Judge Ebron regarding the pause of Federal Sector Class Actions including, without limitation, in the *Pippen* class case. Identify the source of any direction and describe the origin, authorization or approval, distribution, and implementation of and each person to whom the email or its substance was transmitted.

**INTERROGATORY NO. 7**

Describe all Communications, written or oral, from or to Supervisory Administrative Judge Kevin Rung, concerning the processing of Federal-Sector Class Complaints since January 20, 2025, including the parties to the Communications, the date, and the contents. This includes,

without limitation, Supervisory Administrative Judge Kevin Rung's email dated approximately December 8, 2025, advising administrative judges of a pause in class cases. Identify the source of any direction and describe the origin, authorization or approval, distribution, and implementation of and each person to whom the email or its substance was transmitted.

**INTERROGATORY NO. 8**

Describe each inquiry, investigation, or review undertaken by the EEOC after July 28, 2026 to determine whether and which Federal-Sector Class Complaints had been paused or delayed. Identify who conducted each inquiry, investigation, or review, the findings reached, the number and identity of affected matters located, and each corrective action taken as a result.

**INTERROGATORY NO. 9**

Describe every action, and the basis for that action, the EEOC has taken to ensure uninterrupted processing of Federal-Sector Class Complaints without delay in accordance with current Commission regulations, including without limitation, the decision to reassign the *Pippen* matter from Administrative Judge Erania Ebron. For each action, state the basis for the decision and Identify the decisionmakers, stated and actual reasons for the decision, and information considered.

**INTERROGATORY NO. 10**

State whether "the EEOC . . . disclaim[s] the authority to suspend the processing of federal-sector class complaints in the manner the Plaintiffs have alleged," as the Court understood Defendants to have represented, *see* Mem. Op. at 9, ECF No. 22, and, if so, the basis of that representation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**

All Documents constituting, memorializing, transmitting, discussing, interpreting, implementing, or referring to whether Federal-Sector Class Complaints should be paused or stayed, including, without limitation, the complete email sent by Supervisory Administrative Judge Kevin Rung dated approximately December 8, 2025, advising administrative judges of a pause in class cases, including the list of recipients and any attachments, metadata, prior or subsequent messages in the same thread, responses, and Communications discussing or interpreting that email.

**REQUEST FOR PRODUCTION NO. 2**

All Documents constituting, memorializing, transmitting, discussing, interpreting, implementing, or referring to any Class Case Pause during the Relevant Period, including but not limited to: instructions to cancel or refrain from scheduling deadlines, appearances, conferences, hearings, discovery, briefing, or rulings; criteria for any exceptions; Documents identifying matters affected by the Pause; Documents concerning whether or why Processing was paused; and responsive Communications to or from Andrea Lucas, Sharon Rose, Kevin Rung, Justin Evans, the directors or deputy directors responsible for federal-sector adjudication, supervisory administrative judges, and administrative judges.

**REQUEST FOR PRODUCTION NO. 3**

Documents sufficient to identify every Federal-Sector Class Complaint pending at any time during the Relevant Period and to show, for each matter, its case number, assigned administrative judge, office or division, current procedural posture, names of contact information of employees' counsel, and dates and types of docket activity during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 4**

All Documents reviewed, consulted, or relied upon by Sharon A. Rose in making the factual assertions in her Declaration (ECF No. 18-5), including but not limited to Documents concerning the determinations that the *Pippen* abeyance order was an "isolated incident," was "issued in error," and was "promptly corrected."

**REQUEST FOR PRODUCTION NO. 5**

All Documents and Communications concerning any decisions regarding the processing of Federal-Sector Class Complaints since July 28, 2026, including but not limited to instructions to cancel or refrain from scheduling deadlines, appearances, conferences, hearings, discovery, briefing, or rulings; criteria for any exceptions; or any decision to remove or reassign Administrative Judge Erania Ebron from the *Pippen* matter.

**REQUEST FOR PRODUCTION NO. 6**

All Documents and Communications concerning the termination, recission, withdrawal, repudiation, or disavowal of any Class Case Pause and the EEOC's current policy or guidance concerning processing of Federal-Sector Class Complaints.

**REQUEST FOR PRODUCTION NO. 7**

All Documents and Communications concerning measures contemplated or taken to prevent any future Class Case Pause and the factual basis for Defendants' representations that class complaints "should not have been suspended" and that such a suspension "will not recur."

September 8, 2026 By: */s/ Joseph M. Sellers*

Joseph M. Sellers (D.C. Bar No. 318410)
Phoebe M. Wolfe (D.C. Bar No. 90014711)
Cohen Milstein Sellers & Toll LLP
1100 New York Avenue, N.W., Suite 800
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
jsellers@cohenmilstein.com
pwolfe@cohenmilstein.com

Heidi R. Burakiewicz (D.C. Bar No. 473973)
Burakiewicz & DePriest
1120 Connecticut Avenue, N.W., Suite 500
Washington, D.C. 20036
Tel: (202) 856-7500
Fax: (202) 217-2599
hburakiewicz@bdlawdc.com

Harold Craig Becker (D.C. Bar No. 371239)
Taryn Wilgus Null (D.C. Bar No. 985724)
Tianna J. Mays (D.C. Bar No. 90005882)
Democracy Defenders Fund
600 Pennsylvania Avenue, S.E., No. 15180
Washington, D.C. 20003
Tel: (202) 594-9958
craig@democracydefenders.org
taryn@democracydefenders.org
tianna@democracydefenders.org

*Counsel for Plaintiffs*

Rushab B. Sanghvi (D.C. Bar No. 1012814)
Andres M. Grajales (D.C. Bar No. 476894)
American Federation of Government
Employees, AFL-CIO
80 F Street, N.W.
Washington, D.C. 20001
Tel: (202) 639-6426
SanghR@afge.org
Grajaa@afge.org

*Counsel for Plaintiff American Federation of Government Employees (AFGE)*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I served via email a true and correct copy of Plaintiffs' Interrogatories and Requests for Production of Documents to Defendants upon the following counsel of record:

James W. Harlow
Senior Trial Counsel
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
james.w.harlow@usdoj.gov

Dated: September 8, 2026 *_/s/_* Taryn Wilgus Null