# EXHIBIT C

Outlook

**AFGE v. EEOC - Meet and Confer regarding the EEOC's discovery responses**

**From** Harlow, James W. (CIV) <James.W.Harlow@usdoj.gov>
**Date** Sun 11/1/2026 3:12 PM
**To** Joseph Sellers <JSellers@cohenmilstein.com>
**Cc** taryn@democracydefenders.org <taryn@democracydefenders.org>; GRAJAA@afge.org <GRAJAA@afge.org>; Phoebe Wolfe <PWolfe@cohenmilstein.com>; hburakiewicz@bdlawdc.com <hburakiewicz@bdlawdc.com>; craig@democracydefenders.org <craig@democracydefenders.org>

Joe,

I conferred with the agency about your follow up question. The EEOC declines to produce any additional documents.

James

---

**From:** Joseph Sellers <JSellers@cohenmilstein.com >
**Sent:** Friday, October 30, 2026 10:28 AM
**To:** Harlow, James W. (CIV) <James.W.Harlow@usdoj.gov >
**Cc:** Taryn Wilgus Null <taryn@democracydefenders.org >; Andres Grajales <GRAJAA@afge.org >; Phoebe Wolfe <PWolfe@cohenmilstein.com >; Heidi Burakiewicz <hburakiewicz@bdlawdc.com >; craig@democracydefenders.org <craig@democracydefenders.org >
**Subject:** [EXTERNAL] RE: AFGE v. EEOC - Meet and Confer regarding the EEOC's discovery responses

James, thanks for your response. For the most part, it appears we just going to disagree with each other and ask the Court to rule on the disputed issues. It continues to elude us, however, why the EEOC will not produce the instruction from the Chief Administrative Judge directing a suspension of the administrative class cases. That document is plainly central to the issues before the Court. Will you produce this document.

Thank you.

Joe

---

**From:** Harlow, James W. (CIV) <James.W.Harlow@usdoj.gov >
**Sent:** Friday, October 30, 2026 9:53 AM
**To:** Joseph Sellers <JSellers@cohenmilstein.com >
**Cc:** Taryn Wilgus Null <taryn@democracydefenders.org >; Andres Grajales <GRAJAA@afge.org >; Phoebe Wolfe <PWolfe@cohenmilstein.com >; Heidi Burakiewicz <hburakiewicz@bdlawdc.com >; craig@democracydefenders.org
**Subject:** RE: AFGE v. EEOC - Meet and Confer regarding the EEOC's discovery responses

Joe,

My apologies for not getting back to you last night. Defendants' responses to the points raised in your email are as follows. If, after reviewing, you think further discussion would be productive, I am available at 3 pm.

Starting with the easiest, the omission of Interrogatory No. 8 from the verification page indeed was inadvertent. Attached is a copy of the revised responses with a corrected verification.

As for the RFPs, Defendants have not produced all potentially responsive documents for the reasons articulated in our objections. In short, the Court authorized "limited discovery" solely for the "narrow purpose" of ascertaining "the contours of the precise policy at issue." ECF No. 30, at 3-4. Defendants do not understand the Court to have opened the floodgates of civil discovery. Judicial review here remains governed by the Administrative Procedure Act, which does not authorize "a *de novo* inquiry into the matter being reviewed." *Calcutt v. Fed. Deposit Ins. Corp.*, 598 U.S. 623, 629 (2023) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Rather, the statutory text "reflects Congress's judgment that the civil discovery rules are incompatible with the APA, and their application to federal agencies would likely hinder the workings of another branch of government." *Univ. of Cal. Student Ass'n v. McMahon*, No. CV 25-354 (RDM), 2025 WL 1906548, at *2 (D.D.C. Mar. 18, 2025).

Here, the Court flagged a specific evidentiary gap: "the record does not demonstrate why the Administrative Judge [in *Pippen*] issued this order [*i.e.*, the Notification of Case Processing Abeyance on December 10, 2025] or believed it applied to all cases in the federal sector." ECF No. 30, at 3. Defendants' revised discovery responses filled in the blanks.

As the EEOC explained, Judge Ebron's order reflected an instruction by the Chief Administrative Judge, who supervises the federal-sector hearings program within the Office of Field Programs, to pause pending class complaints—an instruction neither authorized by nor known to the Chair, the Office of the Chair, or the Commission. Upon learning of this lawsuit, the Chair took immediate action to investigate and correct the issue. On August 24, 2026, the National Director of the Office of Field Programs (the Chief Administrative Judge's supervisor) confirmed in writing to administrative judges that federal-sector class complaints should proceed, and should have been proceeding, in the ordinary course.

There is no need—nor any legal basis—for the additional discovery that Plaintiffs seek to compel. Rather, it constitutes an impermissible "fishing expedition" into the workings of the EEOC. *Univ. of Cal. Student Ass'n*, 2025 WL 1906548, at *2. And it certainly is not necessary for the Court to adjudicate Defendants' pending motion to dismiss.

Defendants maintain that the principles underlying *Oceana, Inc. v. Ross*, 920 F.3d 855 (D.C. Cir. 2019), apply equally here. This, again, is an APA case. If deliberative documents are immaterial and need not be logged when an agency actually took a final action, there is no reason to impose the greater burden of logging documents when the agency has not acted. Further, Defendants vehemently disagree that the revised discovery responses suggest "possible improper behavior" by the EEOC. On the contrary, Defendants' responses reflect conscientious and decisive steps by agency leadership to correct unauthorized action of lower-level subordinates.

James

---

**James W. Harlow | Senior Trial Counsel**
Federal Programs Branch | Civil Division
US Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 514-6786

**From:** Joseph Sellers <JSellers@cohenmilstein.com >
**Sent:** Wednesday, October 28, 2026 4:27 PM
**To:** Harlow, James W. (CIV) <James.W.Harlow@usdoj.gov >
**Cc:** Taryn Wilgus Null <taryn@democracydefenders.org >; Andres Grajales <GRAJAA@afge.org >; Phoebe Wolfe <PWolfe@cohenmilstein.com >; Heidi Burakiewicz <hburakiewicz@bdlawdc.com >; craig@democracydefenders.org
**Subject:** [EXTERNAL] Re: AFGE v. EEOC - Meet and Confer regarding the EEOC's discovery responses

Thank you
Joe Sellers
From my mobile phone

On Oct 28, 2026, at 4:23 PM, Harlow, James W. (CIV) <James.W.Harlow@usdoj.gov > wrote:

Thanks for your email. We 're considering the issues you raised internally. I hope to get back to you tomorrow.

James

---

**From:** Joseph Sellers <JSellers@cohenmilstein.com >
**Sent:** Tuesday, October 27, 2026 7:06 PM
**To:** Harlow, James W. (CIV) <James.W.Harlow@usdoj.gov >
**Cc:** Taryn Wilgus Null <taryn@democracydefenders.org >; Andres Grajales <grajaa@afge.org >; Phoebe Wolfe <PWolfe@cohenmilstein.com >; Heidi Burakiewicz <hburakiewicz@bdlawdc.com >; craig.becker521@gmail.com <craig@democracydefenders.org >
**Subject:** [EXTERNAL] AFGE v. EEOC - Meet and Confer regarding the EEOC's discovery responses

> James,
> We regard the Agency 's discovery responses as deficient in several respects and therefore are planning to file a motion to compel on Monday, November 2. I am writing to offer to meet and confer about the primary deficiencies we found in the EEOC 's discovery responses in the hope that we can at least narrow the areas in dispute. We propose to have a zoom call sometime on Friday, October 30 between 1 and 4 pm. Please let us know your availability.
> Below, I am providing a list of the primary areas in which we found the Agency 's responses to be deficient in the event it is willing to amend its responses to the discovery requests.
> First, for each RFP, please indicate whether the Agency is withholding responsive documents and, if so, the basis for doing so. Further, are there responsive documents, including electronic communications, responsive to an RFP that no longer exist and, if so, when did they become unavailable and why. Finally, please describe the scope of the investigation that was conducted in response to the RFPs, what materials were sought and from where at the EEOC they were sought.

By way of example only, the interrogatory responses expressly identify December 5 and December 8 emails and Judge Rung 's notes concerning the December 5 meeting. None of those records, however, was produced and the RFP responses identify no specific basis for withholding them. Please inform us of the agency 's basis for not producing these plainly responsive documents, among others.

Second, the Chief Administrative Judge 's decision to direct a pause in class complaints appears to be central to the dispute in this action. The Agency must identity her, state why she made that decision, identify any instructions or communications she received that led to issuing the pause instruction and then how and to whom the decision was transmitted and implemented.

Third, the Agency has withheld some responsive materials pursuant to the Privacy Act, such as information about other administrative class cases. While we do not agree the Privacy Act justifies withholding these materials, we are prepared to enter into an appropriate protective order or discuss other arrangements that will provide the security that you believe the Privacy Act requires. We are prepared to review any measures the EEOC wishes to propose pursuant to the Privacy Act.

Fourth, the Agency has invoked *Oceana, Inc. v. Ross* , 920 F.3d 855, 865 (D.C. Cir. 2019) as the basis to refuse identifying "pre-decisional, deliberative materials " on a privilege log as well as refusing to produce them altogether. But, that decision concerns pre-decisional, deliberative materials that were excluded as immaterial in an ordinary APA record review. Here, the agency has neither produced nor certified an administrative record, and the Court ordered discovery to determine what action the agency actually took. The missing operative communications, extensive redactions, and discrepancies between the sworn isolated-incident account and the supervisory directive now acknowledged in the discovery responses present concrete grounds for further inquiry into an incomplete factual account and possible improper behavior —the kinds of circumstances *Oceana* expressly distinguishes. Nor does *Oceana* categorically excuse logging otherwise discoverable material withheld as attorney-client communications or work product. Please reconsider the agency 's position and either produce these materials or produce a log sufficient to assess each asserted protection.

Finally, the verification on the last page of the discovery responses omits Interrogatory No. 8 even though the agency provided a substantive answer. Please clarify whether that omission was inadvertent and either provide a corrected verification and any necessary amended response or explain the basis for the omission.

Please let us know whether you are available for a meet and confer on Friday afternoon and address any of the omissions identified above.
Thank you.
Joe